UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

DENNIS MULLINS,                    )
                                   )
        Plaintiff,                 )
                                   )          Civil Case No.
v.                                 )          7:14-CV-118-JMH
                                   )
CAROLYN W. COLVIN, ACTING          )          **MEMORANDUM OPINION**
COMMISSIONER OF SOCIAL             )              **AND ORDER**
SECURITY,                          )
                                   )
        Defendant.                 )

***

     This matter is before the Court upon cross-motions for

Summary Judgment [DE 7, 8] on Plaintiff's appeal of the

Commissioner's denial of his application for disability

insurance benefits and supplemental security income. [Tr. 8-24].[1]

The Court, having reviewed the record and being otherwise

sufficiently advised, will deny Plaintiff's motion and grant

Defendant's motion.

**I. Overview of the Process and the Instant Matter**

     The Administrative Law Judge ("ALJ"), in determining

disability, conducts a five-step analysis:

        1.  An individual who is working and engaging in
        substantial gainful activity is not disabled,
        regardless of the claimant's medical condition.

        2.  An individual who is working but does not have a
        "severe" impairment which significantly limits his

---

[1]     These are not traditional Rule 56 motions for summary judgment. Rather,
it is a procedural device by which the parties bring the administrative
record before the Court.

physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 13]. Under step two, the ALJ found that Plaintiff's degenerative disc disease of the

2

cervical, thoracic, and lumbar spine, his deformity of the right hand index finger (status, post-trauma), his right periorbital trauma, decreased hearing, and chronic obstructive pulmonary disease were "severe" as defined by the agency's regulations. [Tr. 13]; 20 CFR § 416.920(c).

During step three of the analysis, the ALJ considered all of Plaintiff's impairments and decided that none of them met the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 14]. After further review of the record, the ALJ concluded at step four that Plaintiff had a residual functional capacity ("RFC") to perform less than the full range of light work wherein he could lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally and sit, stand, and walk six hours each out of an eight-hour workday as needed, but was limited to occasionally push and pull at these levels. Plaintiff could reach below shoulder level with the right upper extremity with no problem, but only occasionally reach overhead and up to shoulder level with that extremity. He could not climb ramps, stairs, ladders, ropes, and scaffolding and could only occasionally stoop, and frequently craw. Plaintiff must avoid concentrated exposure to work hazards (including unprotected heights, moving mechanical parts, uneven surfaces and large bodies of water), as well as concentrated exposure to fumes, odors, dusts, gases, poor ventilation, extreme cold and

vibration, and cannot tolerate concentrate exposure to loud noises. Plaintiff was further limited in that he could only occasionally use the right index finger for grasping and pinching, and that he would have to turn his head to the right to see items on that side because he lacks peripheral vision out of his right eye. Lastly, because of his hearing problem, the ALJ found that Plaintiff could only have occasional interaction with the public, co-workers, and supervisors. [Tr. 16-17].

The ALJ found that Plaintiff was unable to perform any of his past relevant work. [Tr. 22]. However, there were jobs in the national economy that Plaintiff could perform. [Tr. 23]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 24].

Plaintiff appeals the decision of the ALJ. Plaintiff argues that the ALJ improperly weighed the opinions of several physicians' reports in the record, as well as the records from Hollistic Medical, LLC, and, therefore, the ALJ's decision is not based on substantial evidence.

## II. Standard of Review

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the

4

ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

## III. Factual and Procedural Background

Plaintiff was 41 years of age at the alleged disability date, [Tr. 11, 22], and has a ninth grade education. [Tr. 35]. Plaintiff has past work experience as mechanic, steelworker, grocery store stocker, truck driver, and welder. [Tr. 229]. Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income (SSI), alleging disability beginning on April 14, 2010. The claims were denied initially and upon reconsideration. [Tr. 11]. Plaintiff requested a hearing with the ALJ, which took place on February 20, 2013. [Tr. 11]. The ALJ issued an unfavorable decision denying disability insurance benefits and SSI on April 15, 2013. [Tr. 8].

In 1997, Plaintiff was involved in an accident in which a big truck tire exploded and the rim hit him, injuring the right side of his face, right arm, and hand. According to Plaintiff, following surgeries in his hand and forearm, he has weakness, pain, and cramping there, and his hand remains disfigured. [Tr. 37-41]. The accident also caused injury to the right side of his face, and he has trouble seeing out of his right eye and hearing problems. [Tr. 42-44].

Plaintiff also explained that he has high blood pressure, chest pain, and heart problems. [Tr. 45]. He described constant, extreme pain in his neck and low back area, as well as trouble walking and occasional pain in his groin area and left leg. [Tr. 46-47]. He testified that this pain precludes him from staying in the same position for longer than a few minutes. [Tr. 48]. Additionally, he described feeling nervous and aggravated around crowds, stress, difficulty remembering things, and difficulty sleeping. [Tr. 51-52]. He treats the pain with aspirin, Neurontin, takes Lopressor and Lisinopril for his blood pressure and Celexa for anxiety. [Tr. 56].

Beginning in 2009, Plaintiff received treatment at Hollistic Medical, LLC, for a number of ailments including pain in his neck, lower back, right arm, and right face. The records reflect that Plaintiff was seen by a nurse practitioner each time, most often Betty Karnes. [Tr. 402-25; 526-46; 554-618].

Around April, 2010, Plaintiff was involved in an accident at work in which he was driving a coal truck and subsequently sought treatment at various medical facilities in and around Pikeville, Kentucky, for neck and low back pain. [Tr. 345; 349; 352; 376; 445].

Plaintiff underwent a consultative examination with Dr. Stephen Nutter on January 12, 2012. [Tr. 436]. Dr. Nutter diagnosed Plaintiff with chronic cervical and dorsolumbar strain with degenerative disc disease and osteoarthritis with possible left-sided ulnar neuropathy. He found that Plaintiff had pain, tenderness, and decreased range of motion of the cervical and lumbar spine with tenderness of the thoracic spine, as well as joint pain and tenderness in the left ankle and right hand, although, given his ability to grasp with the right index finger and fine manipulation skills, he would have no difficulty using his hands to do anything. [Tr. 440]. However, Dr. Nutter summarized that Plaintiff would be impaired in performing such activities as bending, stooping, and lifting due to his back, neck, and joint pain. [Tr. 441]. A non-examining physician, Sudhideb Mukherjee, M.D., later reviewed Dr. Nutter's report and opined that Plaintiff had some limitations but was capable of a range of light work and, therefore, not disabled. [Tr. 99-103].

Plaintiff also submitted an opinion from Anthony deGuzman, M.D., who examined Plaintiff at his attorney's request. Dr.

deGuzman diagnosed Plaintiff with severe cervical, lumber, and chest pain, right facial nerve neuropathy, right index finger arthritis, and hypertension. [Tr. 549]. Essentially, Dr. deGuzman found that Plaintiff was severely limited. [Tr. 550-51]. Notably, Dr. deGuzman did not review any medical records. [Tr. 553].

Vocational expert Mr. David Burnhill testified at the hearing before the ALJ. [Tr. 59-74]. Mr. Burnhill testified that a person with an RFC equivalent to the ALJ's finding for Plaintiff would not be able to return to Plaintiff's past relevant work. [Tr. 63-64; 66]. However, Mr. Burnhill found that there would be jobs in the national economy that someone with Plaintiff's RFC could perform. [Tr. 66-70].

**IV. Analysis**

Plaintiff argues that the ALJ's decision to deny the Plaintiff benefits is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ improperly weighed the medical evidence in the record, failing to give treating physicians at Hollistic Medical, LLC, greater weight than the consulting physician, Dr. Nutter, and giving great weight to a non-examining consulting physician, Dr. Mukherjee.

**A. The ALJ did not commit reversible error in failing to identify what weight it gave to Hollistic Medical, LLC.**

8

Although the ALJ referenced the records from Hollistic Medical, where Plaintiff was treated fairly consistently since 2009, the ALJ did not assign what weight it gave them. Plaintiff argues that they are entitled to great weight as the opinions of treating physicians. Yet, the Plaintiff was treated exclusively by nurse practitioners at Hollistic Medical. Nurse practitioners are not "acceptable medical sources" under 20 C.F.R. § 404.1513(a)(2) and, therefore, their opinions are not entitled to controlling weight.

Nonetheless, nurse practitioners opinions should not simply be rejected, for they are "important and should be evaluated on key issues such as impairment severity and functional effects." SSR 06-03p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006). The regulation goes on to state:

> [T]he adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p. Interpreting SSR 06-03p, the Sixth Circuit has held that a nurse practitioner's opinion is entitled to consideration. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).

However, the Plaintiff cites to no opinion from the nurse practitioners at Hollistic Medical that the ALJ failed to

9

consider or rejected.[2] Rather, the ALJ clearly recognized that the records from Hollistic Medical were "important and should be evaluated" and, in that vein, considered the diagnosis, treatment, and test results from the providers at Hollistic Medical throughout its decision. [Tr. 18 at ¶3; 19 at ¶1-2; Tr. 20 at ¶2]. Although the ALJ did not explain the weight given to these opinions, the ALJ's "discussion of the evidence" certainly "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p.

Furthermore, the ALJ's decision appears consistent with the treatment and diagnosis rendered at Hollistic Medical, which is also consistent with the findings of Dr. Nutter, whose opinions the ALJ assigned significant weight. Plaintiff has failed to cite any instance in which the ALJ's conclusion contradicts or rejects the opinions found in the Hollistic Medical records. Accordingly, even if the ALJ's failure to assign weight to the nurse practitioners' opinion is error, any error is harmless.

---

[2] Plaintiff only references the notation from December 2011 that Plaintiff was "having a rough month" with "chronic pain." [Tr. 594]. The ALJ did not include this in its decision most likely because it comes from the nurse's notation of the Plaintiff's complaints upon presentation to the clinic and is not an opinion. *See* 20 C.F.R. § 404.1527 ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Instead, the ALJ's decision more accurately references the nurse practitioner's opinion by considering her diagnosis at the end of the visit; that Plaintiff was "doing good." [Tr. 21]. The ALJ does not indicate that it is rejecting this opinion, and, in fact, its decision is consistent with it.

10

**B. The ALJ did not err when it afforded great weight to the opinion of Dr. Mukherjee.**

The ALJ assigned great weight to the opinion of non-examining state agency physician, Dr. Mukherjee, regarding Plaintiff's ability to do light work, "but add[ed] limitations based on the subsequent medical evidence and testimony. [Tr. 22]. Plaintiff argues that the ALJ erred when it afforded greater weight to Dr. Mukherjee's opinion, compared to the lesser weight afforded Hollistic Medical as treating physicians.

First, the opinions from the nurse practitioners at Hollistic Medical are not entitled to controlling weight like treating physicians, as explained above. Also explained above, the ALJ properly considered those opinions. Thus, it is not accurate to characterize Dr. Mukherjee's opinion as having been assigned greater weight than Plaintiff's treating physicians.

Second, it was reasonable for the ALJ to assign great weight to Dr. Mukherjee's opinion. Other than the comparison to the weight given Hollistic Medical records, Plaintiff has not cited to any other reason why Dr. Mukherjee's opinion should be afforded less weight. Indeed, Dr. Mukherjee's opinion was supported by Plaintiff's medical record and is consistent with Dr. Nutter's, the examining physician, opinion. *See* SSR 96-6P, 1996 WL 374180 at *2 (S.S.A. July 2, 1996) (discussing the agency's policy on how adjudicators' should consider findings by

11

state agency medical consultants). As such, the Court finds that the ALJ did not err in assigning great weight to Dr. Mukherjee's opinion.

**C. The ALJ properly weighed the opinions of examining physicians Dr. deGuzman and Dr. Nutter.**

Plaintiff describes the opinions of Dr. deGuzman and Dr. Nutter, who come to different conclusions regarding Plaintiff's ability to work. Dr. deGuzman found that Plaintiff had severe limitations, whereas Dr. Nutter concluded Plaintiff was less limited. The ALJ afforded considerable weight to Dr. Nutter's opinion, whereas the ALJ afforded no weight to the opinion of Dr. deGuzman, noting he provided no explanation for his severely limiting opinion, did not rely upon any objective tests or criteria in reaching his opinion, and failed to review any medical records. [Tr. 22].

However, Plaintiff fails to articulate any reason why the ALJ's decision to weigh these opinions as she did was in error. The Court, having reviewed the record, finds the ALJ's decision reasonable, in light of Dr. Nutter's thorough report and examination and Dr. deGuzman's cursory explanations in support of his conclusions and failure to review the Plaintiff's medical record. Regardless, it is the Plaintiff's obligation to articulate his argument with support from citations to the record. The Court will not formulate arguments on the

Plaintiff's behalf. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Therefore, the Court finds that the ALJ's weighing of the evidence from Hollistic Medical and the other examining and non-examining physicians was proper, and therefore, the hypothetical upon which the vocational expert relied fairly reflected Plaintiff's limitations and the decision of the ALJ is supported by substantial evidence.

**V. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 7] be, and the same hereby is, **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 8] be, and the same hereby is, **GRANTED.**

This the 12th day of March, 2015.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**

13